# EXHIBIT 1

RECEIVED
APR 1 3 2022
RICHLAND CITY CLERK

SUPERIOR COURT OF WASHINGTON
FOR BENTON AND FRANKLIN COUNTIES

| | |
|---|---|
| Saddle Mountain Minerals, L.L.C., | No. _____ |
| Plaintiff and Petitioner, | **COMPLAINT and LAND USE PETITION** |
| v. | |
| City of Richland, a municipal corporation of the State of Washington, | |
| Defendant and Respondent. | |

Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff, Saddle Mountain Minerals, L.L.C. (Saddle Mountain) owns valuable property interests in the form of mineral rights which the City of Richland (City) has taken without compensation by making the minerals inaccessible. The City has also deprived Saddle Mountain of basic rights to due process in issuing decisions on property in which Saddle Mountain has property

COMPLAINT AND LAND USE PETITION
- 1

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

1  interests without giving Saddle Mountain notice or an opportunity to be heard. In
2  order to remedy these wrongs, Saddle Mountain files this complaint.

## PARTIES

2. Plaintiff Saddle Mountain is a limited liability company organized under the laws of the State of Washington and the owner of interests in property which are the subject of this complaint.

3. Defendant City of Richland is a municipal corporation of the State of Washington in Benton County, Washington.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under Article IV, Section 6 of the Washington Constitution because jurisdiction has not been vested exclusively by law in another court.

5. Venue is proper in this Court because the Defendant resides in Benton County, the case concerns property in Benton County, and all causes of action in this case arose in Benton County.

## FACTS

6. In 1870, the federal government issued a patent to the Northern Pacific Railroad to facilitate the building of a northern route across the country to the West Coast. Later, all rights in that land were owned by Burlington Northern Railway, Northern Pacific Railroad's successor.

7. In 1988, Burlington Northern severed the rights in its land in three ways and deeded the surface rights to Glacier Park Co., the oil and gas rights to Meridian Oil, and the mineral rights to Meridian Minerals. In the three deeds,

COMPLAINT AND LAND USE PETITION
- 2

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

the railroad made clear which deeds had the dominant right to control access and activity on the property.

8. The oil and gas deed recorded on June 28, 1988, provides the right "to enter upon, occupy and make use of and consume, and the right to control the entry upon, occupation, use and consumption of, so much of the surface of said premises as may be necessary for all such purposes."

9. The mineral right deed recorded on June 28, 1988, conveys all minerals in the property and merely lists some as examples. This deed also conveys the right "to enter upon, occupy, make use of and consume and the right to control entry upon, occupation, use and consumption of, so much of surface of said premises as may be necessary or useful for all such purposes."

10. The surface deed to Glacier Park Company was a statutory quit claim deed also recorded on June 28, 1988.

11. Importantly, the owner of the mineral and oil and gas deeds, now Saddle Mountain, has the right to control the surface of the land which is a significant limitation on the rights owned by way of the surface deed.

12. Eventually, Meridian Minerals and Meridian Oil & Gas were merged into Glacier Park Company, the real estate arm of Burlington Northern. But this merger happened after the surface was already sold off by Glacier Park Co. on June 28, 1988. The successor property owners developed the land into approximately 1,347 sub-divided parcels in the City limits, and about 1,290 different landowners.

COMPLAINT AND LAND USE PETITION - 3

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

13. Gary and Carol Maughan purchased the minerals and the oil and gas rights from Glacier Park Co., a few months after the merger. The Maughans deeded these rights to Saddle Mountain.

14. Saddle Mountain's property rights in the minerals have been recognized by Washington appellate courts. *See Saddle Mountain Minerals, L.L.C. v. Joshi*, 152 Wn.2d 242 (2004) and *Saddle Mountain Minerals, L.L.C. v. Santiago Homes, Inc.*, 146 Wn. App. 69 (2008).

15. The properties for which Saddle Mountain owns the mineral rights are in several different areas of land within the City. Some of these properties are vacant with no improvements on them, others have private improvements (such as residential homes and a Medical Center), and others are in public ownership and use (including Orchard Elementary School, fifteen City of Richland-owned parcels of land, public streets and City utility easements).

16. In the regulation of land use and subdivision of property, the City has considered and issued permits or approvals related to property in which Saddle Mountain has an interest without giving Saddle Mountain notice or an opportunity to be heard at a meaningful time or in a meaningful manner.

17. RMC Title 23 is the City's zoning code which regulates the use of property within the city.

18. Saddle Mountain owns mineral rights in Parcel Number 111881012147003, where the property description is Lot 3, Short Plat No. 2147,

COMPLAINT AND LAND USE PETITION - 4

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

as recorded under Auditor's File No. 95-1045, records of Benton County. This parcel is zoned by the City for General Commercial (C-3) use.

19. The City's General Commercial use zoning in RMC 23.22.030 does not allow mining.

20. Saddle Mountain filed with the City a request for a variance from the General Commercial use zoning to allow mining.

21. On March 24, 2022, the City through its Planning Manager, Mike Stevens, issued a decision that the variance request could not be processed because it sought a variance from a use restriction in the zoning code. The decision also identifies that excavation is permissible only on land in the City's Industrial and Agricultural zones.

22. Mr. Stevens' March 24, 2022, decision is final and there is no other administrative procedure within the City to appeal this decision.

23. Plaintiff owns mineral rights in numerous properties within the City not included in the variance request which are not within Industrial or Agricultural zones and which the zoning does not allow mining or excavation. To apply for a variance or any other approval from the City to engage in mining on these properties would be futile because, as the decision on March 25, 2022, makes clear, variances are not allowed to grant relief from the restriction on uses in the zoning code.

24. The City has also made use of its own property, such as paving and using roads and streets, in such a way that is incompatible with Saddle Mountain's use

COMPLAINT AND LAND USE PETITION - 5

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

of its property interests and contrary to Saddle Mountain's superior right to control the surface of the property to access minerals. While Saddle Mountain recognizes that mining in areas that have been paved and are used for roads and utility easements would be disruptive to the City and the public in general, the just compensation remedy in Article I, Section 16 and the Fifth Amendment to the United States Constitution provides no prohibition on the City's actions, but merely provides a compensation remedy to Plaintiff. It is that remedy Saddle Mountain seeks now.

## FIRST CAUSE OF ACTION

**Land Use Petition under the Land Use Petition Act, RCW 36.70C.**

25. Plaintiff, and Petitioner for purposes of this First Cause of Action, incorporates by reference each and every allegation contained in the preceding paragraphs as though set forth in full here.

26. <u>Petition</u>. Pursuant to the Land Use Petition Act (LUPA), chapter 36.70C RCW, Petitioner submits this land use petition only as a precautionary measure. Petitioner agrees that the City code precludes the requested variance and that the decision was correct based on the code. Instead, through other claims in this Complaint Petitioner seeks compensation under the state and federal constitutions. The LUPA statute at RCW 36.70C.030(1)(c) expressly states that claims for compensation are not considered under the LUPA procedures. Rather, claims for compensation are considered under the standard Civil Rules. Therefore, Petitioner does not believe LUPA applies to the City's denial of the variance

COMPLAINT AND LAND USE PETITION
- 6

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

under the City code. However, the LUPA statute has a very short statute of limitations precluding Petitioner from timely learning whether the City might make an argument to the contrary on the applicability of LUPA. Thus, in the alternative, if for any reason Petitioner is wrong on this point, Petitioner specifically alleges the following pursuant to LUPA, RCW 36.70C.070:

27. Petitioner's name and mailing address is as follows:

Saddle Mountain Minerals, L.L.C.
22591 Road M
Mattawa, WA 99349

28. <u>Petitioner's Attorneys</u>: The following are Petitioner's attorneys:

Richard M. Stephens, WSBA #21776
Charles A. Klinge, WSBA #_____
Stephens & Klinge LLP
10900 NE 4th Street, Suite 2300
Bellevue, Washington 98004
(425) 453-6206

29. <u>Local Jurisdiction, Name and Address</u>. The local jurisdiction whose Decision is at issue is the Respondent City of Richland. The mailing address for the City is as follows:

City of Richland
625 Swift Boulevard
Richland, WA 99352

30. <u>Applicants for Land Use Decision at Issue.</u> Petitioner is the Applicant for the Decision at issue.

COMPLAINT AND LAND USE PETITION
- 7

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

31. <u>Identification of Decision-Making Body and Decision</u>. This land use petition seeks review of a final decision by the City, denying a variance dated March 24, 2022. A copy of this Decision is attached hereto as Exhibit A.

32. <u>Identification of Parties Under RCW 36.70C.040(2)(b) through (d)</u>. Subsections (b) through (d) of RCW 36.70C.040(2) provide that certain persons are to be included as parties to the review of the land use petition. No other persons appear to be required to be named parties. If the City believes that another party is needed for just adjudication of this petition, the City should notify Petitioner of this immediately pursuant to RCW 36.70C.050.

33. <u>Petitioner's Standing</u>: Petitioner has standing for the following reasons. Petitioner is the one that requested the variance which was denied, to enable it to engage in use of land under the City's regulations, to make reasonable use of its property interests. Petitioner is injured by the City's denial of the variance

34. <u>Concise Statement of Alleged Errors</u>. Petitioner does not contend that the City made errors under its municipal code in denying the variance, but the denial of the variance requires the City to pay just compensation under Article I, section 16 of the Washington Constitution.

35. <u>Concise Statement of Facts</u>. Petitioners allege the following facts:

Petitioner incorporates by reference the facts stated in Paragraphs 1 to 34 above.

36. <u>Request for Relief</u>. Petitioner requests all relief to which they are entitled under LUPA. However, even though the subject of this Cause of Action is a land

COMPLAINT AND LAND USE PETITION
- 8

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

use petition, this matter is exempt from LUPA under RCW 36.70C.030(1)(c) because the only relief sought as a result of the land use decision is compensation under Article I, Section 16 of the Washington constitution.

## SECOND CAUSE OF ACTION

### Violation of Procedural Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Washington constitution.

37. Plaintiff incorporates by reference each and every allegation contained in the paragraphs 1 through 24, as though set forth in full here.

38. Saddle Mountain is the owner of recorded property interests in property within and subject to the City of Richland's jurisdiction.

39. The City's code requires notice to be given to any person or entity which has an interest in property when that property is under consideration for the issuance of a permit or approval to use, build or subdivide the property.

40. The due process clause of the state and federal constitutions require notice to be given to any person or entity which has an interest in property when the City is considering a decision affecting the property.

41. Saddle Mountain is informed and believes that in regard to property in which Saddle Mountain has a property interest, the City has made a variety of land use decisions for others to use property, including construction of improvements or subdivision of property for the purpose of constructing improvement, but has done so without giving notice to Saddle Mountain at a meaningful time to enable it to participate in the decisions effecting its property interests.

COMPLAINT AND LAND USE PETITION
- 9

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

42. The failure to give notice has resulted in City decisions which Saddle Mountain would object to or would present its concerns about, all to the detriment of Saddle Mountain.

43. The failure to give notice of decisions affecting Saddle Mountain's property has deprived it of due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Washington constitution.

44. Saddle Mountain seeks a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 RCW and Civil Rule 57 as to the allegations above. An actual dispute exists between Saddle Mountain and the City whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. A judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

### THIRD CAUSE OF ACTION

**Violation of the Takings Clause of Art. I, § 16 of the Washington Constitution and the Fifth Amendment to the United States Constitution**

45. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 24 and 38 through 44 of this Complaint as though fully set forth herein.

46. Article I, Section 16 of the Washington Constitution requires payment of just compensation for the taking or damaging of property for public use.

47. The City has taken or damaged Saddle Mountain's property interests by imposing regulations, such as zoning restrictions, that do not allow for mining,

COMPLAINT AND LAND USE PETITION
- 10

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

which is the only reasonable way to exercise the use of Saddle Mountain's property interests.

48. The City has decided that a variance cannot be issued to allow mining in zones where mining is not a permitted use.

49. The City's code provides that variances are decided by the Board of Adjustment. RMC Section 23.70.140. However, the City decided that Saddle Mountain's variance request could not be processed because the variance sought permission for mining of property zoned where mining is not allowed.

50. The City has also taken Saddle Mountain's property interests by constructing improvements on the surface of land which make it impracticable or impossible for Saddle Mountain to exercise its property rights. Such improvements include, but are not limited to, streets and roads which are used by the public and utility easements, all of which are constructed for a public purpose.

51. Saddle Mountain seeks just compensation and a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, RCW 7.24.,010 and Civil Rule 57. An actual dispute exists between Saddle Mountain and the City whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. A judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

COMPLAINT AND LAND USE PETITION - 11

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

52. Saddle Mountain also seeks just compensation as provided by Article I, Section 16 of the Washington constitution and the Fifth Amendment, as incorporated by the Fourteenth Amendment, of the United States Constitution.

## FOURTH CAUSE OF ACTION

## Violation of 42 U.S.C. Section 1983

53. Plaintiff incorporates by reference each and every allegation contained in previous paragraphs as though set forth in full here.

54. The City is a person potentially liable under 42 U.S.C. Section 1983 for a deprivation of civil rights.

55. All of the City's actions challenged herein were undertaken under color of state law as a matter of the City's policy.

56. The City's actions have deprived Saddle Mountain of civil rights provided by the United States constitution.

57. As a result, Saddle Mountain is entitled to damages and entitled to recovery of reasonable costs and attorneys' fees expended in pursuing this litigation as provided in 42 U.S.C Section 1983 and 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff now respectfully requests the Court to award the following relief:

A. An order declaring the City's practice of deciding land use permits without giving notice to Plaintiff and giving an opportunity to be heard at a meaningful time and manner on the City's decision-making process involving

COMPLAINT AND LAND USE PETITION - 12

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

NOTICE OF REMOVAL OF ACTION - 17

1   land in which Plaintiff has a property interest violates and has violated
2   Plaintiff's rights to procedural due process;
3  B. An order declaring that the City has taken Plaintiff's property interests
4   without payment of just compensation as required by Article I, Section 16 of
5   the Washington constitution and the Fifth Amendment as incorporated by
6   the Fourteenth Amendment to the United States Constitution by regulating
7   property in which Plaintiff has an interest so as to prohibit mining;
8  C. An order declaring that the City's physical interference with Plaintiff's rights
9   by constructing improvements on the surface of property in which Plaintiff
10  has property rights in the minerals constitutes a taking of those property
11  rights requiring payment of just compensation as required by Article I,
12  section 16 of the Washington constitution and the Fifth Amendment as
13  incorporated by the Fourteenth Amendment to the United States
14  Constitution;
15 D. An award of just compensation for the taking of Plaintiff's property rights;
16 E. An award of damages under 42 U.S.C. Section 1983 for the violation of
17  Plaintiff's due process rights;
18 F. An order awarding costs and attorney fees in this action; and
19 B. Such other and further relief as the Court deems just and equitable.

COMPLAINT AND LAND USE PETITION - 13

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

NOTICE OF REMOVAL OF ACTION - 18

1 | RESPECTFULLY SUBMITTED this 12th day of April, 2022.

2 | STEPHENS & KLINGE LLP

3 | Richard M. Stephens, WSBA # 21776

4 | By: *[signature]*
Richard M. Stephens, WSBA #21776
5 | Attorneys for Plaintiffs
10900 NE 4th Street, Suite 2300
6 | Bellevue, WA 98004
425-453-6206
7 | stephens@sklegal.pro

COMPLAINT AND LAND USE PETITION - 14

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

Exhibit A

NOTICE OF REMOVAL OF ACTION -  20



**CITY OF RICHLAND**
**DEVELOPMENT SERVICES DEPARTMENT**
625 Swift Boulevard
Richland, WA 99352
Telephone (509) 942-7794
Fax (509) 942-7764

CI.RICHLAND.WA.US · 509-942-7390

March 24, 2022

Saddle Mountain Minerals, LLC
C/O Richard Stephens
Stephens & Klinge, LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004

**RE: Variance Request for Mining on Lot 3 of Short Plat No. 2147, Richland WA**

Dear Mr. Stephens:

This letter is in regard to the variance application that was prepared by you for property described as Lot 3 of Short Plat No. 2147 (APN# 111881012147003) located in Richland, WA.

The variance application and related materials were provided via email to the City on March 22, 2022 by Mike Maughan. The application and related materials were sent to the City in anticipation of a pre-application meeting, which is required prior to submittal of an application for a Type II permit such as a Major Zoning Variance. *See* RMC 19.30.010. However, the materials submitted failed to include the required pre-application meeting packet.

Regardless, a brief review was conducted, and staff quickly determined that the property to which the application materials relate is located in the General Business (C-3) zone. Mining (i.e., excavating, processing, removal of topsoil, sand, gravel, rock or similar natural deposits) is not a permitted use in the C-3 zone. *See* RMC 23.22.030.

RMC 23.70.150 specifically states that **"a variance may not be granted <u>under any circumstance</u> to allow a use not permissible under the terms of this title in the district involved, or any use expressly or by implication prohibited by the terms of this title in said district."** Variances are intended to be used when a bulk or dimensional standard of a regulation precludes a property owner's ability to develop a property in a manner consistent with said bulk or dimensional standard. No variance is available to your client to allow mining on the above-referenced property due to its location in a C-3 zone.

As a result, the City of Richland is unable to process the zoning variance you seek on behalf of Saddle Mountain Minerals, LLC. The prohibition of obtaining a variance to allow a use not permissible by the zoning code has been explained in detail to your client on previous occasions.

Please note that a special use permit may be sought for mining operations (i.e., excavating, processing, removal of topsoil, sand, gravel, rock or similar natural deposits) in the City's Industrial and Agricultural zones.

If you have any questions regarding this letter, please feel free to contact me at (509) 942-7596 or via email at mstevens@ci.richland.wa.us.

Sincerely,

Mike Stevens
Planning Manager