UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SADDLE MOUNTAIN MINERALS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF RICHLAND, a municipal corporation of the State of Washington, <br><br> Defendant. | NO. 4:22-CV-5055-TOR <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 19). This matter was submitted for consideration with oral argument on April 19, 2023. Richard M. Stephens appeared on behalf of Plaintiff. Kenneth W. Harper appeared on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, is Plaintiff's Motion for Partial Summary Judgment (ECF No. 19) is **denied.**

//

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case concerns a property dispute regarding an owner of mineral interests. ECF No. 1-1. On April 13, 2022, Plaintiff filed a Complaint and Land Use Petition in the Superior Court for Benton and Franklin Counties, alleging the following causes of action: (1) Land Use Petition under the Land Use Petition Act, RCW 36.70C, (2) Violation of Procedural Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Washington Constitution, (3) Violation of the Takings Clause of Article I, Section 16 of the Washington Constitution and the Fifth Amendment to the United States Constitution, and (4) Violation of 42 U.S.C Section 1983. *See id.* On April 29, 2022, Defendant removed the action to this Court. ECF No. 1. On February 6, 2023, Plaintiff filed the present Motion for Partial Summary Judgment regarding the procedural due process claims. ECF No. 19. The parties timely filed their respective response and reply. ECF Nos. 28, 34. For purposes of the present motion, the following facts are not in dispute.

In 1870, the federal government issued a patent to the Northern Pacific Railroad, later Northern Pacific Railway, to facilitate the building of a northern route across the country. ECF No. 19-1 at 1–2, ¶¶ 1–2. In 1970, the Northern Pacific Railway merged into Burlington Northern Railroad Company ("Burlington Northern"). *Id.*, ¶ 3. In 1988, Burlington Northern severed the rights in its land

three ways. *Id.*, ¶ 4. On June 28, 1998, Burlington Northern deeded oil and gas rights to Meridian Oil Inc., deeded mineral rights to Meridian Minerals Company, and quitclaimed rights to Glacier Park Co. *Id.*, ¶¶ 5–7. The oil and gas and mineral deeds provided for the right to enter, occupy, make use of, consume, and control "surface of said premises as may be necessary or useful for all such purposes." *Id.* at 2–3, ¶¶ 8–9.

On June 13, 1995, Meridian Minerals and Meridian Oil & Gas were merged into Glacier Park Company. *Id.* at 4, ¶ 14. On October 1, 1995, Gary and Carol Maughan purchased the mineral and the oil and gas rights from Glacier Park Co. *Id.*, ¶ 15. Glacier Park issued and recorded a corrective deed to the Maughans. *Id.*, ¶ 16. On May 18, 2000, the Maughans transferred the rights in the minerals and oil and gas deeds to Saddle Mountain Minerals, LLC. *Id.*, ¶ 17.

The City of Richland reviews and grants permit applications authorizing activities to surface owners on land in which Plaintiff owns mineral interests without individual notice to Plaintiff. *See id.* at 5–8, ¶¶ 22–44.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

## II. Due Process Claims

Under the Fourteenth Amendment, "[a] procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). To have a constitutionally protected property interest in a government benefit, an independent source, such as state law, must give rise to a "legitimate claim of entitlement" to the benefit. *Gerhart v. Alek County, Mont.*, 637 F.3d 1013, 1019, 1022 (9th Cir. 2011). A plaintiff must show more than "an abstract need or desire for the particular benefit." *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, 917 F.3d 1081, 1090 (9th Cir. 2019) (citations omitted). The property interests protected by procedural due process "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Washington's due process clause does not afford additional protections beyond the Fourteenth Amendment. *State v. McCormick*, 166 Wash. 2d 689, 699 (2009).

To establish a constitutionally protected property interest in a government benefit, Plaintiff contends it relies on "the state law recognition of a property rights

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

transferred by deed." ECF No. 34 at 7. Specifically, Plaintiff "is not contending a property right arises from any state or local procedural requirement. Saddle Mountain's property rights are traditional rights recognized under state law." *Id.* at 6. The parties agree there is no case on point for these particular circumstances. Plaintiff has not shown any authority for the proposition that interests in a deed establish constitutionally protected rights in a government benefit under the Fourteenth Amendment. Plaintiff points to *Schneider v. California*, 151 F.3d 1194 (9th Cir. 1998) for the proposition that it has "old property" interests. That case is distinguishable as it is based on the Takings Clause of the Fifth Amendment.

Even if the deed created a constitutionally protected property interest under the Fourteenth Amendment, the City of Richland is not depriving Plaintiff of the its' mineral interests. "Procedural due process protections do not extend to those who suffer indirect harm from government action." *Dumas v. Kipp*, 90 F.3d 386, 392 (9th Cir. 1996) (citation omitted). It is undisputed that the City of Richland reviews and approves (or denies) permit applications to title owners of surface property. Plaintiff is deprived of its mineral interests, in whole or in part, only if the surface owners act upon those permits. This "indirect harm from government action" is not sufficient to establish a procedural due process violation. *See Dumas*, 90 F.3d at 392; *see also Sierra Nevada SW Enterprises, Ltd. v. Douglas*

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

*Cnty.*, 506 F. App'x 663, 665 (9th Cir. 2013) (affirming dismissal of procedural due process claim where indirect impact did not constitute a deprivation).

Based on the record before the Court, the City of Richland has not deprived Plaintiff of a constitutionally protected property interest under the Fourteenth Amendment. Therefore, the Court denies Plaintiff's motion. "Even where there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003); *see also* Fed. R. Civ. P. 56(f)(1). The issues raised are primarily legal, not factual, in nature. The parties have had a full and fair opportunity to present these issues before the Court, including at oral argument. Therefore, the Court grants summary judgment in Defendant's favor on this issue.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 19) is **DENIED**.

2. Plaintiff's Procedural Due Process Claims under the United States Constitution and Washington Constitution (Count Two) are **DISMISSED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED April 28, 2023.



THOMAS O. RICE
United States District Judge